**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4811**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERNEST KEITH, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:17-cr-00180-MOC-DSC-1)

Submitted: April 4, 2019                                     Decided: April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Keith, Jr., pleaded guilty pursuant to a plea agreement to mail fraud, in violation of 18 U.S.C. § 1341 (2012). He received a 41-month sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning at Keith's request, whether he received ineffective assistance of counsel and whether his sentence was reasonable. Keith filed a pro se supplemental brief also challenging his sentence. The Government declined to file a response. We affirm.

We review Keith's sentence for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012).

In his pro se brief, Keith claims that the restitution amount should be $256,685, the amount of the forfeiture order, and a civil, not criminal debt. He also argues that his criminal history category overstated his prior record. Although Keith correctly argued that his prior convictions did not involve violent crimes, there was no procedural error in

2

the calculation of his criminal history score. The district court heard argument from the parties, afforded Keith an opportunity to allocute, and imposed a sentence of 41 months—at the bottom of the Sentencing Guidelines range. The court stated that it considered the § 3553(a) factors and rendered an individualized assessment in this case. The court stated that the sentence was sufficiently severe, but not greater than necessary, to punish the offense and achieve the sentencing goals of § 3553(a). The unchallenged presentence report sufficiently supported the restitution ordered. We conclude that Keith has not rebutted the presumption of reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

To the extent that counsel raised claims of ineffective assistance of counsel by referring to Keith's premature 28 U.S.C. § 2255 (2012) motion, these claims are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance. *Massaro v. United States*, 538 U.S. 1690, 1693-94 (2003); *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). The record before us does not conclusively establish ineffective assistance of counsel.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Keith's conviction and sentence. This court requires that counsel inform Keith, in writing, of the right to petition the Supreme Court of the United States for further review. If Keith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

3

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Keith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*